# EXHIBIT A

**SUM-100**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

APR 26 2018

BY _____
MANUEL HENRY ANDRIANO, DEPUTY

**NOTICE TO DEFE**
*(AVISO AL DEMANDADO):*
THE GEO GROUP, INC. WHICH WILL DO BUSINESS IN
CALIFORNIA (Additional Parties Attachment form is attached)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
TAMARA WALTERS

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: San Bernardino Superior Court<br>*(El nombre y dirección de la corte es):*<br>247 West 3rd Street<br>San Bernardino, CA 92415-0210 | CASE NUMBER:<br>*(Número del Caso):*<br>CIVDS1810215 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
FRAIGUN LAW GROUP 15250 Ventura Boulevard, Ste. 1220, Sherman Oaks, CA 91403; (818) 981-1800

DATE: APR 26 2018                    Clerk, by **Manuel Henry Andriano**, Deputy
*(Fecha)*                              *(Secretario)*                              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

   THE GEO GROUP, INC. which will do business in California as GEO
3. ☒ on behalf of *(specify):* California, Inc., a California foreign corporation

   under: ☐ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☒ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**[SEAL]** COPY

Page 1 of 1

**SUMMONS**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Walters v. The Geo Group | CIVDS1810215 |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

AS GEO CALIFORNIA, INC., a California foreign corporation; and DOES 1 through 50, Inclusive

Page __1__ of __1__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

American LegalNet, Inc.
www.FormsWorkflow.com

1  FRAIGUN LAW GROUP
   MARINA KATS FRAIGUN, SBN 192563
2  15250 Ventura Boulevard
   Penthouse 1220
3  Sherman Oaks, CA 91403
   E-Mail: mfraigun@fraigunlaw.com
4  Telephone: (818) 981-1800
   Facsimile: (818) 981-1484
5
   Attorneys for Plaintiff
6  TAMARA WALTERS

7

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

APR 2 6 2018

BY _____
MANUEL HENRY ANDRIANO, DEPUTY

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 FOR THE COUNTY OF SAN BERNARDINO

10

11  TAMARA WALTERS,                    CASE NO.   CIVDS1810215

12                    Plaintiff,       [Unlimited Civil]

13  vs.                               COMPLAINT FOR DAMAGES

14                                     1.  DISABILITY DISCRIMINATION
                                           [Violation of FEHA - *Government*
15  THE GEO GROUP, INC. WHICH WILL         *Code* §12940, et seq.];
    DO BUSINESS IN CALIFORNIA AS GEO   2.  FAILURE TO REASONABLY
16  CALIFORNIA, INC., a California foreign      ACCOMMODATE DISABILITY
    corporation; and DOES 1 through 50,        [Violation of FEHA - *Government*
17  Inclusive,                                 *Code* §12940(m) and (n)];
                                          3.  FAILURE TO ENGAGE IN A
18                    Defendants.             TIMELY AND GOOD FAITH
                                              INTERACTIVE PROCESS [Violation
19                                            of FEHA - *Government Code*
                                              §12940(n)];
20                                        4.  RETALIATION FOR REQUESTING
                                              ACCOMMODATIONS [Violation of
21                                            FEHA - *Government Code* §12940(m)];
                                          5.  WRONGFUL TERMINATION IN
22                                            VIOLATION OF PUBLIC POLICY

23

24

25      Plaintiff TAMARA WALTERS alleges:

26  ///

27  ///

28

-1-

COMPLAINT FOR DAMAGES

**INTRODUCTION**

1.     Plaintiff TAMARA WALTERS ("Plaintiff") was employed by THE GEO GROUP, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS GEO CALIFORNIA, INC., a California foreign corporation ("GEO") and/or DOES 1 through 10 (collectively "EMPLOYER") as a Detention Officer between April 22, 2013 and through December 4, 2017.

2.     Plaintiff is informed, believes, and thereon alleges that, at all times mentioned herein, each of the Defendants sued herein as DOES 11 through 20 was an owner, operator, manager, employee, agent, supervisor, servant, partner, member, shareholder, officer, director, co-conspirator, and/or alter ego of Defendant EMPLOYER.

3.     During her employment, Plaintiff was an exemplary employee, who was never written up or otherwise disciplined by EMPLOYER.

4.     Plaintiff's wages at time of hire were $14.12/hour.  Because Plaintiff was a valued employee, her compensation was significantly increased over time whereby her salary at the time of the termination of her employment was $18.33/hour.

5.     In September 2016, Plaintiff was involved in an automobile accident, resulting in physical injuries that which left her disabled and temporarily unable to perform her usual and customary job duties.

6.     Beginning on or about September 22, 2016, Plaintiff went out on medical leave. She provided a September 26, 2016 note from her medical care provider to EMPLOYER indicating temporary total disability ("TTD").  At various times thereafter, Plaintiff provided updated status reports and notes from her medical care provider as more particularly alleged herein.

7.     In or about the beginning of January, 2017, Plaintiff provided EMPLOYER with a medical update, authorizing her to return to work on January 16, 2017, with the following restrictions: "Desk work only and no use of left hand, No lifting, no pushing or pulling, No over heard reaching, no climbing and working with machinery."  In response, by certified mail on February 3, 2017, EMPLOYER requested that Plaintiff provide an "updated medical

COMPLAINT FOR DAMAGES

determination," utilizing EMPLOYER's various standard medical status forms.

8.   On or about February 13, 2017, in response to EMPLOYER's February 3, 2017 specific request, Plaintiff's medical care provider completed the GEO forms, indicating a duration of Plaintiff's TTD to April 13, 2017. However, EMPLOYER refused to accommodate Plaintiff's restrictions.

9.   On April 12 and July 19, 2017, because EMPLOYER refused to accommodate her restrictions, Plaintiff's medical leave was again extended by her medical care provider to July 17, 2017 and September 22, 2017, respectively.

10.   On or about the beginning of August 4, 2017, EMPLOYER was provided with a medical update whereby Plaintiff was released for return to work on September 22, 2017, while restricted to "permanent light duty / desk job only / and only able to work 8 hours / 5 days per week" (the "September Restrictions"). In an August 17, 2017 Accommodation Notice, EMPLOYER's Human Resources Department responded that EMPLOYER could not accommodate the September Restrictions (the "Denial").

11.   In response to the Denial, Plaintiff reviewed various advertisements for job openings at Defendant GEO. Plaintiff found several open positions that would both accommodate her Restriction and for which she was qualified. She requested that EMPLOYER consider her for those job openings. However, EMPLOYER failed and refused to consider Plaintiff for these available positions.

12.   On or about September 19, 2017, EMPLOYER scheduled an Interactive Meeting for September 22, 2017. However, after a subsequent exchange of emails between Plaintiff and HR, it was decided that the Interactive Meeting would be rescheduled to allow sufficient time for updated medical reports. EMPLOYER instructed Plaintiff to ". . . make contact . . . during the first week in October."

13.   On or about September 21, 2017, Plaintiff requested that EMPLOYER provide her with copies of ". . . any and all work evaluations since . . . DOH 4/22/13" and ". . . perfect attendance awards, spot awards, and any other awards received."

///

COMPLAINT FOR DAMAGES

14.   As instructed, on October 3, 2017, Plaintiff contacted EMPLOYER's HR to reschedule the Interactive Meeting, which was eventually scheduled for October 26, 2017.

15.   On or about October 26, 2017, EMPLOYER conducted an "interactive process" meeting with Plaintiff.  However, there was nothing interactive about the meeting.  At the conclusion of the interactive process meeting, EMPLOYER notified Plaintiff that EMPLOYER could not accommodate her.

16.   For over a year before her injury and going out on leave in September 2016, Plaintiff had been permanently assigned to a desk job in the Central Control Center.  Plaintiff is informed and believes that this job was still available when she attempted to return to work in September 2017, and that her medical restriction could have easily been accommodated, which she reiterated during the Interactive Meeting.  Nevertheless, Plaintiff's request for reasonable accommodations were denied.

17.   By letter dated December 1, 2017, EMPLOYER notified Plaintiff that her employment was terminated effective December 4, 2017 (the "Termination").  The letter did not specify the reason for the Termination of Plaintiff's employment.

18.   Plaintiff is informed, believes, and thereon alleges that the reason for the Termination was because of Plaintiff's disability.

19.   Plaintiff was required by statute to file a claim with the California Department of Fair Employment and Housing (DFEH), pursuant to California *Government Code* §12965(b) and the California Fair Employment and Housing Act (FEHA).  Plaintiff filed such a claim in a timely manner and a "right-to-sue" letter was issued.  (Attached hereto as Exhibit A is a true and correct copy of the claim and "right-to-sue" letter.)  Plaintiff has thus exhausted all administrative remedies.

## GENERAL ALLEGATIONS

20.   This is a complaint by an individual for damages arising out of the outrageous, oppressive and intrusive conduct of all Defendants.  Plaintiff seeks compensatory and punitive damages.

///

COMPLAINT FOR DAMAGES

21.   The true names and capacities of the Defendants sued herein as DOES 1 through 50, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to show their true names and capacities when same have been ascertained. Plaintiff is informed, believes, and thereon alleges that each of the Defendants herein designated as a DOE proximately caused the injuries and damages to Plaintiff as hereinafter alleged.

22.   Plaintiff is informed, believes, and thereon alleges that each of the Defendants designated herein as a DOE is legally responsible in some manner for the events and happenings herein referred to, and negligently, wantonly, recklessly, tortuously and/or unlawfully proximately caused the injuries and damages thereby to Plaintiff as herein alleged.

23.   At all times relevant to this action, each of the fictitiously named Defendants was an owner, employee, agent, supervisor, servant, partner, member, shareholder, officer, director, co-conspirator, or alter ego of Defendants, and was acting within the course and scope of such agency or employment.

24.   At all times herein mentioned, Plaintiff was an individual who resided in the County of Los Angeles, State of California, and was and is a citizen of the State of California.

25.   Plaintiff is informed, believes, and thereon alleges that at all times mentioned herein, Defendant THE GEO GROUP, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS GEO CALIFORNIA, INC. was a California foreign corporation, existing under the laws of the State of California, with its principal place of business located at 10450 Rancho Road, Atalanta, California 92301.

26.   At all times relevant herein, Defendant EMPLOYER was an employer as defined by the California *Labor Code*, and was required to comply with the California Fair Employment and Housing Act ("FEHA"), the California *Labor Code*, and applicable Industrial Wage Orders.

/ / /

/ / /

-4-

COMPLAINT FOR DAMAGES

27.    Plaintiff is informed, believes, and thereon alleges that each of the Defendants sued herein as DOES 11 through 20, inclusive, is and/or was a resident of the County of Los Angeles, State of California, and at all times mentioned herein was and is an owner of Defendant THE GEO GROUP, INC.

28.    The acts complained of herein took place in the County of San Bernardino, State of California.

### FIRST CAUSE OF ACTION

### DISABILITY DISCRIMINATION

[Violation of FEHA - *Government Code* §12940, et seq.]

(By Plaintiff TAMARA WALTERS Against Defendants

THE GEO GROUP, INC. WHICH WILL DO BUSINESS IN CALIFORNIA

AS GEO CALIFORNIA, INC., and DOES 1 through 50)

29.    The allegations of Paragraphs 1 through 28 are realleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Disability Discrimination.

30.    FEHA prohibits disability discrimination.  At all relevant times, Plaintiff suffered from a disability as defined by FEHA.

31.    In doing the things herein alleged, Defendants, and each of them, discriminated against Plaintiff on the basis of her disability.

32.    As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered/continues to suffer and incurred/continues to incur:

a.    Substantial loss of earnings, employment benefits and reduced future earning capacity in an amount according to proof at the time of trial. Plaintiff claims such amount as damages together with prejudgment interest pursuant to applicable law;

b.    Necessary and reasonable attorneys' fees in order to enforce her rights and to obtain benefits due her, all to her further damage in an amount according to proof;

COMPLAINT FOR DAMAGES

c.  Embarrassment, humiliation, emotional distress, mental anguish and severe shock to her nervous system, and thereby sustained serious injuries to her physical and mental health, strength and activity, causing her extreme physical and emotional pain, all to her general damage in such amount as may be proven at time of trial;

d.  Medical expenses, the exact nature and extent of which are unknown to Plaintiff at this time.  Plaintiff will seek leave of court to amend this complaint when the same have been ascertained; and

e.  Additional future medical expenses all to her further damage in an amount to be proven at trial; and

f.  Other incidental and consequential damages in an amount according to proof at the time of trial.

33.  Because the acts taken toward Plaintiff were carried out by managerial employees acting in a deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, Plaintiff requests the assessment of punitive damages against Defendants, and each of them, in an amount appropriate to punish and make an example of Defendants.

Wherefore, Plaintiff prays for judgment against Defendants as hereinafter set forth.

## SECOND CAUSE OF ACTION

### FAILURE TO REASONABLY ACCOMMODATE DISABILITY

#### [Violation of FEHA - *Government Code* §12940(m)]

#### (By Plaintiff TAMARA WALTERS Against Defendants

#### THE GEO GROUP, INC. WHICH WILL DO BUSINESS IN CALIFORNIA

#### AS GEO CALIFORNIA, INC., and DOES 1 through 50)

34.  The allegations of Paragraphs 1 through 33 are realleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Failure to Reasonably Accommodate Disability.

35.  At all times herein mentioned, the Fair Employment and Housing Act ("FEHA"), California *Government Code* section 12940(m), was in full force and effect and binding on

COMPLAINT FOR DAMAGES

1   Defendants. This statute affirmed Defendants' duty to make reasonable accommodations for

2   the known physical disability or medical condition of Plaintiff. This statute further requires

3   Defendants to engage in an interactive process to reach a reasonable accommodation for an

4   employee's disability or medical condition.

5       36.   EMPLOYER's decision to terminate Plaintiff' employment almost immediately

6   after her notification to EMPLOYER that she would return to work constitutes disability

7   discrimination and a failure to accommodate her disability under FEHA.

8       37.   2 Cal.C.Regs. § 7293.9(g) provides:

9                Reasonable Accommodation for the Residual Effects of a

10               Disability. An individual with a record of a disability may be

11               entitled, absent undue hardship, to a reasonable accommodation

12               if needed and related to the residual effects of the disability.

13      38.   2 Cal.C.Regs. § 11068( c) provides:

14               Paid or unpaid leave A finite leave of absence may be a

15               reasonable accommodation under the FEHA if, following the

16               leave, the employee likely can resume his or her duties.

17      39.   "Holding a job open for a disabled employee who needs time to recuperate or heal

18   is in itself a form of reasonable accommodation and may be all that is required where it

19   appears likely that the employee will be able to return to an existing position at some time in

20   the foreseeable future." [*Jensen v. Wells Fargo Bank* (2000) 85 CA4th 245, 263];

21      40.   No statutory limit on leave duration: Unlike other forms of statutory leave FEHA

22   does not have a fixed limit on the amount of leave required as a reasonable accommodation.

23   Rather, "a disabled employee is entitled to a reasonable accommodation — which may

24   include leave of no statutorily fixed duration — provided that such accommodation does not

25   impose an undue hardship on the employer." [*Sanchez v. Swissport, Inc.* (2013) 213 CA4th

26   1331, 1338, 153 CR3d 367, 371]

27      41.   Plaintiff alleges that Defendants failed to reasonably accommodate her disability.

28      42.   Plaintiff is informed, believes, and thereon alleges that her requests to Defendants

1    for a reasonable accommodation concerning her disability were motivating and substantial

2    factors in the Termination of Plaintiff's employment.

3        43.    As a proximate result of the aforesaid acts of Defendants, Plaintiff has

4    suffered/continues to suffer and incurred/continues to incur:

5          a.    Substantial loss of earnings, employment benefits and reduced future

6              earning capacity in an amount according to proof at the time of trial.

7              Plaintiff claims such amount as damages together with prejudgment interest

8              pursuant to applicable law;

9          b.    Necessary and reasonable attorneys' fees in order to enforce her rights and

10             to obtain benefits due her, all to her further damage in an amount according

11             to proof;

12          c.    Embarrassment, humiliation, emotional distress, mental anguish and severe

13             shock to her nervous system, and thereby sustained serious injuries to her

14             physical and mental health, strength and activity, causing her extreme

15             physical and emotional pain, all to her general damage in such amount as

16             may be proven at time of trial;

17          d.    Medical expenses, the exact nature and extent of which are unknown to

18             Plaintiff at this time. Plaintiff will seek leave of court to amend this

19             complaint when the same have been ascertained; and

20          e.    Additional future medical expenses all to her further damage in an amount to

21             be proven at trial; and

22          f.    Other incidental and consequential damages in an amount according to proof

23             at the time of trial.

24        44.    Because the acts taken toward Plaintiff were carried out by managerial employees

25    acting in a deliberate, cold, callous and intentional manner in order to injure and damage

26    Plaintiff, Plaintiff requests the assessment of punitive damages against Defendants, and each

27    of them, in an amount appropriate to punish and make an example of Defendants.

28        Wherefore, Plaintiff prays for judgment against Defendants as hereinafter set forth.

         COMPLAINT FOR DAMAGES

1

## THIRD CAUSE OF ACTION

2

### FAILURE TO ENGAGE IN A TIMELY AND

3

### GOOD FAITH INTERACTIVE PROCESS

4

**[Violation of FEHA - Government Code §12940(n)]**

5

**(By Plaintiff TAMARA WALTERS Against Defendants**

6

**THE GEO GROUP, INC. WHICH WILL DO BUSINESS IN CALIFORNIA**

7

**AS GEO CALIFORNIA, INC., and DOES 1 through 50)**

8   45.   The allegations of Paragraphs 1 through 44 are realleged and incorporated herein

9   by reference except where to do so would be inconsistent with pleading a cause of action for

10  Failure to Engage in a Timely and Good Faith Interactive Process.

11   46.   At all times herein mentioned, the Fair Employment and Housing Act ("FEHA"),

12  California *Government Code* section 12940(n), was in full force and effect and binding on

13  Defendants. This statute affirmed Defendants' duty to engage in a timely and good faith

14  interactive process to determine effective reasonable accommodations, if any, in response to

15  Plaintiff's known physical disability.

16   47.   2 Cal.C.Regs. § 7293.9(I) provides:

17           An employer or other covered entity shall assess individually an

18           employee's ability to perform the essential functions of the employee's

19           job either with or without reasonable accommodation. In the absence

20           of an individualized assessment, an employer or other covered entity

21           shall not impose a "100 percent healed" or "fully healed" policy before

22           the employee can return to work after an illness or injury.

23   48.   Plaintiff alleges that Defendant EMPLOYER failed to engage in a timely and

24  good faith interactive process to reach a reasonable accommodation concerning Plaintiff's

25  known physical disability.

26   49.   Plaintiff is informed, believes, and thereon alleges that Defendant EMPLOYER's

27  failure to engage in a timely and good faith interactive process, which, among other things,

28  unlawfully deprived Plaintiff of the opportunity to discover the availability of a reasonable

1    accommodation by Defendants concerning Plaintiff's known physical disability.

2      50.    As a proximate result of the aforesaid acts of Defendants, Plaintiff has

3    suffered/continues to suffer and incurred/continues to incur:

4        a.    Substantial loss of earnings, employment benefits and reduced future

5            earning capacity in an amount according to proof at the time of trial.

6            Plaintiff claims such amount as damages together with prejudgment interest

7            pursuant to applicable law;

8        b.    Necessary and reasonable attorneys' fees in order to enforce her rights and

9            to obtain benefits due her, all to her further damage in an amount according

10           to proof;

11        c.    Embarrassment, humiliation, emotional distress, mental anguish and severe

12           shock to her nervous system, and thereby sustained serious injuries to her

13           physical and mental health, strength and activity, causing her extreme

14           physical and emotional pain, all to her general damage in such amount as

15           may be proven at time of trial;

16        d.    Medical expenses, the exact nature and extent of which are unknown to

17           Plaintiff at this time.  Plaintiff will seek leave of court to amend this

18           complaint when the same have been ascertained; and

19        e.    Additional future medical expenses all to her further damage in an amount to

20           be proven at trial; and

21        f.    Other incidental and consequential damages in an amount according to proof

22           at the time of trial.

23      51.    Because the acts taken toward Plaintiff were carried out by managerial employees

24    acting in a deliberate, cold, callous and intentional manner in order to injure and damage

25    Plaintiff, Plaintiff requests the assessment of punitive damages against Defendants, and each

26    of them, in an amount appropriate to punish and make an example of Defendants.

27      Wherefore, Plaintiff prays for judgment against Defendants as hereinafter set forth.

28    ///

       COMPLAINT FOR DAMAGES

**FOURTH CAUSE OF ACTION**

**RETALIATION FOR REQUESTING ACCOMMODATIONS**

**[Violation of FEHA - Government Code §12940(m)]**

**(By Plaintiff TAMARA WALTERS Against Defendants**

**THE GEO GROUP, INC. WHICH WILL DO BUSINESS IN CALIFORNIA**

**AS GEO CALIFORNIA, INC., and DOES 1 through 50)**

52.   The allegations of Paragraphs 1 through 51 are realleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Retaliation for Requesting Accommodations.

53.   At all times relevant herein, Defendants GEO and DOES 1 through 25, and each of them, were employers as that term is defined in *Government Code* §12926, et seq., and as such, were barred from retaliating in employment decisions.

54.   *Government Code* §12940(m)(2) provides that it is an unlawful employment practice:

> For an employer or other entity covered by this part to, in addition to the employee protections provided pursuant to subdivision (h), retaliate or otherwise discriminate against a person for requesting accommodation under this subdivision, regardless of whether the request was granted.

55.   In doing the things herein alleged, Defendant EMPLOYER retaliated against Plaintiff for requesting accommodations in her employment.

56.   Plaintiff is informed, believes, and thereon alleges that her requests to Defendants for a reasonable accommodation concerning her disability were motivating and substantial factors in the Termination of Plaintiff's employment.

57.   As a direct and proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered/continues to suffer and incurred/continues to incur:

/ / /

/ / /

a.   Substantial loss of earnings, employment benefits and reduced future earning capacity in an amount according to proof at the time of trial. Plaintiff claims such amount as damages together with prejudgment interest pursuant to applicable law;

b.   Additional expenses in her efforts to regain employment, all to her damage in an amount according to proof at the time of trial;

c.   Embarrassment, humiliation, emotional distress, mental anguish and severe shock to her nervous system, and thereby sustained serious injuries to her physical and mental health, strength and activity, causing her extreme physical and emotional pain, all to her general damage in such amount as may be proven at time of trial;

d.   Medical expenses, the exact nature and extent of which are unknown to Plaintiff at this time;

e.   Additional future medical expenses all to her further damage in an amount to be proven at trial; and

f.   Necessary and reasonable attorneys' fees in order to enforce her rights and to obtain benefits due her, all to her further damage in an amount according to proof;

g.   Other incidental and consequential damages in an amount according to proof at the time of trial.

58.   Because the acts taken toward Plaintiff were carried out by managerial employees acting in a deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, Plaintiff requests the assessment of punitive damages against Defendants, and each of them, in an amount appropriate to punish and make an example of Defendants.

Wherefore, Plaintiff prays for judgment against the Defendants as hereinafter set forth.

///

///

COMPLAINT FOR DAMAGES

## FIFTH CAUSE OF ACTION

### WRONGFUL TERMINATION

### IN VIOLATION OF PUBLIC POLICY

#### (*Government Code* §12940, et seq.)

#### (By Plaintiff TAMARA WALTERS Against Defendants

#### THE GEO GROUP, INC. WHICH WILL DO BUSINESS IN CALIFORNIA

#### AS GEO CALIFORNIA, INC., and DOES 1 through 50)

59.     The allegations of Paragraphs 1 through 51 are realleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Wrongful Termination in Violation of Public Policy.

60.     At all times relevant herein, Defendant EMPLOYER was an employer as that term is defined in California *Government Code* §12926, et seq., California *Labor Code* §1102.1, et seq. and 42 U.S.C. §2000, et seq., and, as such, were barred from discriminating or retaliating against Plaintiff on the basis of her disability.

61.     Plaintiff alleges that the terms and conditions of her employment and her termination were in violation of the public policy of the State of California, embodied in FEHA.

62.     The above acts of Defendant EMPLOYER constituted a wrongful termination of Plaintiff in violation of public policy.

63.     As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered/continues to suffer and incurred/continues to incur:

      a.    Substantial loss of earnings, employment benefits and reduced future earning capacity in an amount according to proof at the time of trial. Plaintiff claims such amount as damages together with prejudgment interest pursuant to applicable law;

      b.    Additional expenses in her efforts to regain employment, all to her damage in an amount according to proof at the time of trial;

/ / /

1      c.   Necessary and reasonable attorneys' fees in order to enforce her rights and to

2          obtain benefits due her, all to her further damage in an amount according to

3          proof;

4      d.   Embarrassment, humiliation, emotional distress, mental anguish and severe

5          shock to her nervous system, and thereby sustained serious injuries to her

6          physical and mental health, strength and activity, causing her extreme

7          physical and emotional pain, all to her general damage in such amount as

8          may be proven at time of trial.

9      e.   Medical expenses, the exact nature and extent of which are unknown to

10        Plaintiff at this time. Plaintiff will seek leave of court to amend this

11        complaint when the same have been ascertained; and

12      f.   Additional future medical expenses all to her further damage in an amount to

13        be proven at trial; and

14      g.   Other incidental and consequential damages in an amount according to proof

15        at the time of trial.

16    64.   Because the acts taken toward Plaintiff were carried out by managerial and/or

17 supervisory employees acting in a deliberate, cold, callous and intentional manner in order to

18 injure and damage Plaintiff, Plaintiff requests the assessment of punitive damages against

19 Defendants, and each of them, in an amount appropriate to punish and make an example of

20 Defendants.

21    Wherefore, Plaintiff prays for judgment against the Defendants as hereinafter set forth.

22                  **PRAYER**

23    WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

24    1.   For compensatory damages for an amount in excess of $250,000.00 and according

25        to proof at trial;

26    2.   For an award of punitive damages;

27    3.   For attorneys' fees and costs as allowed by law;

28    4.   For prejudgment interest on all amounts claimed as allowed by law; and

1      5.    For such other and further relief as the Court deems just and proper.

2

3   DATED:   April _17_, 2018           FRAIGUN LAW GROUP

4

5

6                                        MARINA KATS FRAIGUN
                                        Attorneys for Plaintiff

7                                        TAMARA WALTERS

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                GOVERNOR EDMUND G. BROWN JR.
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                                              DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 | TDD (800) 700-2320
http://www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

April 16, 2018

RE:   **Notice of Filing of Discrimination Complaint**
      DFEH Matter Number: 201804-01921316
      Right to Sue: Walters / The Geo Group Inc. et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

EXHIBIT "A"



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                          GOVERNOR EDMUND G. BROWN JR.
                                                                                             DIRECTOR KEVIN KISH

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 | TDD (800) 700-2320
http://www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

April 16, 2018

Tamara Walters

,

RE:   **Notice of Case Closure and Right to Sue**
        DFEH Matter Number: 201804-01921316
        Right to Sue: Walters / The Geo Group Inc. et al.

Dear Tamara Walters,

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective April
16, 2018 because an immediate Right to Sue notice was requested. DFEH will take no
further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

In the Matter of the Complaint of

Tamara Walters                                      DFEH No. 201804-01921316

                          Complainant,

vs.

The Geo Group Inc.


Geo California, Inc.


_____   Respondents.   _____

1. Respondent **The Geo Group Inc.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Tamara Walters**, resides in the City of  State of .

3. Complainant alleges that on or about **December 4, 2017**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's disability (physical or mental) and as a result of the discrimination was laid off, denied a work environment free of discrimination and/or retaliation, denied reasonable accommodation for a disability.

**Complainant experienced retaliation** because complainant requested or used a disability-related accommodation and as a result was laid off, denied a work environment free of discrimination and/or retaliation, denied reasonable accommodation for a disability.


**Additional Complaint Details:** Walters had a series of disabilities and medical restrictions.  She attempted to return to work with those restrictions.  However, he restrictions were not accommodated, she was discriminated against, retaliated

-1-
*Complaint – DFEH No. 201804-01921316*

Date Filed: April 16, 2018

1   against for seeking reasonable accommodations and terminated.  Employer also
2   failed to engage in a timely and good faith interactive process.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                                -2-
                                    *Complaint – DFEH No. 201804-01921316*

28   Date Filed: April 16, 2018

1  VERIFICATION

2  I, **Marina Fraigun,** am the **Attorney** in the above-entitled complaint.  I have read the
3  foregoing complaint and know the contents thereof.  The matters alleged are based
   on information and belief, which I believe to be true.

4
   On April 16, 2018, I declare under penalty of perjury under the laws of the State of
5  California that the foregoing is true and correct.

6                                                                    **Sherman Oaks, CA 91403**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                            -3-
27                          *Complaint – DFEH No. 201804-01921316*

28  Date Filed: April 16, 2018